UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Key Emarri Burton, | Case No.: 2:23-cv-00753-APG-BNW |
|---|---|
| Petitioner | **Order Granting Extension of Time to Oppose Motion to Dismiss to March 19, 2024** |
| v. | |
| Gabriela Najera, *et al.*, | [ECF No. 13] |
| Respondents | |

Key Emarri Burton, who is in Nevada Department of Corrections custody at Southern Desert Correctional Center ("SDCC"), asks the court for an extension of time to file an opposition to respondents' motion to dismiss his *pro se* 28 U.S.C. § 2254 habeas corpus petition. ECF No. 13. Burton explains that he has been placed in "level-three" custody with no physical access to the law library. Based on the typical practice at SDCC, he estimates that he will be held in level-three custody for approximately 90 days. He therefore seeks an extension of 120 days. Good cause appearing, I will grant this lengthy extension. But I am highly unlikely, absent extraordinary circumstances, to grant any further extension.

In his filing Burton also asks that the court grant injunctive relief and direct SDCC to permit inmates in level-three custody physical access to the law library. ECF No. 13 at 4-7. Burton's habeas petition asserts that he is in State custody in violation of his federal constitutional rights because he was denied effective assistance of counsel when he pleaded guilty to attempted murder. ECF No. 6. In moving for injunctive relief he argues that the lack of physical access to the law library violates his First Amendment right to access to the courts. But "[a] court's equitable power lies only over the merits of the case or controversy before it." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). When a

plaintiff/petitioner seeks injunctive relief based on claims not pled in the complaint/petition, the court lacks the authority to issue an injunction. I also note that this type of challenge to law library access implicates Burton's civil rights under 42 U.S.C. § 1983 and would not be raised in a habeas action. To the extent that the motion for extension of time can also be construed as a motion for injunctive relief, I deny injunctive relief.

I THEREFORE ORDER that petitioner's motion for extension of time to file an opposition to respondents' motion to dismiss **[ECF No. 13] is GRANTED** as set forth in this order. **The deadline to oppose is extended to March 19, 2024.**

DATED this 21st day of November, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE