UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Key Emarri Burton, | Case No.: 2:23-cv-00753-APG-BNW |
| Petitioner | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 9] |
| Gabriela Najera, *et al*., | |
| Respondents | |

In his *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus Key Emarri Burton challenges his conviction under a guilty plea of attempted murder, arguing that his plea counsel rendered ineffective assistance. ECF No. 6. Respondents move to dismiss the petition, asserting that the petition is unexhausted. ECF No. 9. Both grounds that Burton presents are unexhausted, so I grant the motion and direct Burton to either voluntarily dismiss this petition or move for a stay and abeyance in order to return to state court to exhaust his claims.

I.  **Background**

In March 2020, Burton pleaded guilty to attempted murder in Eighth Judicial District Court (Clark County) Nevada. Exh. 27.[1] The charges stemmed from an incident where Burton and his co-defendant attempted to rob a house in Las Vegas. When the resident answered the front door, Burton shot him several times, seriously injuring him. The state district court sentenced him to a term of 96 to 240 months. Exh. 28. Judgment of conviction was entered in June 2020. *Id*. Burton did not file a direct appeal. The state district court denied Burton's postconviction habeas corpus petition on the merits. Exh. 58. But the Nevada Supreme Court dismissed his appeal because he

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 9, and are found at ECF Nos. 10-11.

filed it more than a month after the expiration of the 30-day appeal period. Exh. 67. In April 2023, Burton filed a motion to correct illegal sentence, which the state district court denied. Exhs. 71, 76. Burton then filed a motion for relief from the judgment under recission. Exh. 78. The state district court denied the motion, and the Nevada Supreme Court dismissed the appeal because no statute or court rule permits an appeal from an order denying a motion for relief from the judgment under recission in a criminal matter. Exh. 95. Burton dispatched his federal habeas petition for filing in May 2023, and raises two grounds for relief:

> Ground One: Burton's trial counsel was ineffective in violation of his Sixth and Fourteenth Amendment rights for advising Burton to take the plea deal.
>
> Ground Two: Trial counsel was ineffective for failing to conduct any investigation, which would have revealed inconsistencies in the victim's description of the shooter and would have demonstrated that there was only one shooter.

ECF No. 6 at 4-5, 8-10. Respondents move to dismiss the petition as unexhausted. ECF No. 9. Burton did not respond to the motion.

## II. Motion to Dismiss -- Legal Standards & Analysis

### a. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

A petitioner must make "a fair presentation" of their federal claims to the state courts. "Fair presentation requires that a state's highest court has a 'fair opportunity to consider [an appellant's constitutional claim] and to correct that asserted constitutional defect.'" *Lounsbury v. Thompson*, 374 F.3d 785, 787-88 (9th Cir. 2004) (citations omitted). Claims presented in a procedurally improper manner such that the state appellate court did not have a fair opportunity to consider their merits are unexhausted. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a petitioner cannot achieve exhaustion procedurally deficient or improper means); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (stating that a petitioner exhausts a claim only when they presented it in a way that provides the state appellate courts with an opportunity to rule on its merits).

### b. Discussion

***Burton's petition is wholly unexhausted.***

Burton raised federal grounds 1 and 2 in his amended state postconviction habeas petition. Exh. 55. But the Nevada Supreme Court dismissed as untimely his appeal of the denial of the petition. The appellate court did not adjudicate his appeal. "Submitting a []claim to the state's highest court in a procedural context [where] its merits will not be considered" does not satisfy the fair presentation requirement for exhaustion. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), citing *Castille*, 489 U.S. at 351. Burton's motion to correct an illegal sentence does not raise either of the federal grounds. *See* Exh. 70. So grounds 1 and 2 are unexhausted.

***Burton must decide how he wishes to proceed with his unexhausted petition.***

Because the two grounds raised are unexhausted, Burton has these options: (1) he may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[2] or (2) he may file a motion asking this court to stay and abey his federal habeas action while he returns to state court to exhaust his unexhausted claims.

With respect to the second option, a district court has discretion to stay a petition that it may validly consider on the merits.[3] If Burton wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his claims in state court and presents argument regarding whether or not the claims are plainly meritless.

---

[2] The court makes no assurances as to the timeliness of any future-filed petition.

[3] *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

4

Respondents would then be granted an opportunity to respond, and Burton to reply. Burton's failure to choose one of the two options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.

### III. Conclusion

I THEREFORE ORDER that respondents' motion to dismiss **[ECF No. 9] is granted**. Grounds 1 and 2 are unexhausted.

I FURTHER ORDER that Burton has **until July 22, 2024** to choose one of the following options: (1) file a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (2) file a motion for a stay and abeyance, asking this court to hold his federal habeas action in abeyance while he returns to state court to exhaust his unexhausted claims. **If Burton fails to complete one of these options by July 22, 2024, his petition will be DISMISSED**. If Burton chooses to file a motion for a stay and abeyance or seek other appropriate relief, Respondents may respond according to Local Rule 7-2.

DATED this 18th day of June, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE