# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Key Emarri Burton, | Case No.: 2:23-cv-00753-APG-BNW |
| Petitioner | **Order Denying Motion to Stay** |
| v. | [ECF No. 21] |
| Gabriela Najera, *et al.*, | |
| Respondents | |

In his *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus, Key Emarri Burton challenges his conviction pursuant to a guilty plea of attempted murder, arguing that his plea counsel rendered ineffective assistance. ECF No. 6. The court granted the respondents' motion to dismiss because both grounds are unexhausted. ECF No. 20. I directed Burton to either voluntarily dismiss this petition or to move for a stay and abeyance in order to return to state court to exhaust his claims. *Id.* Burton has moved for a stay. ECF No. 21. Because he fails to demonstrate good cause for a stay, I deny the motion and dismiss the petition.

## I.    **Background**

In March 2020, Burton pleaded guilty to attempted murder in Eighth Judicial District Court (Clark County) Nevada. Exh. 27.[1] The charges stemmed from an incident where Burton and his co-defendant attempted to rob a house in Las Vegas. When the resident answered the front door, Burton shot him several times, seriously injuring him. The state district court sentenced him to a term of 96 to 240 months. Exh. 28. Judgment of conviction was entered in June 2020. *Id.* Burton did not file a direct appeal. The state district court denied Burton's postconviction habeas

---

[1] Exhibits referenced in this order are exhibits to the respondents' motion to dismiss, ECF No. 9, and are found at ECF Nos. 10-11.

corpus petition on the merits. Exh. 58.  But the Supreme Court of Nevada dismissed his appeal because he filed it more than a month after the expiration of the 30-day appeal period. Exh. 67. In April 2023, Burton filed a motion to correct illegal sentence, which the state district court denied. Exhs. 71, 76.  Burton then filed a motion for relief from the judgment under recission. Exh. 78.  The state district court denied the motion, and the Supreme Court of Nevada dismissed the appeal because no statute or court rule permits an appeal from an order denying a motion for relief from the judgment under recission in a criminal matter. Exh. 95.  Burton's federal habeas petition raises two grounds for relief:

> Ground One: Burton's trial counsel was ineffective in violation of his Sixth and Fourteenth Amendment rights for advising Burton to take the plea deal.
>
> Ground Two: Trial counsel was ineffective for failing to conduct any investigation, which would have revealed inconsistencies in the victim's description of the shooter and would have demonstrated that there was only one shooter.

ECF No. 6 at 4-5, 8-10.

Because the state appellate court did not adjudicate his appeal of the denial of his postconviction petition, Burton did not exhaust the federal grounds. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), citing *Castille*, 489 U.S. at 351.  The respondents moved to dismiss the petition as unexhausted. ECF No. 9.  Burton did not respond to the motion.  The court granted the motion to dismiss, and Burton now moves for a stay so that he may return to state court to exhaust his two claims. ECF No. 21.

## II.    **Motion to Stay -- Legal Standards & Analysis**

A district court is authorized to stay a habeas action in "limited circumstances" while a petitioner presents unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005).  Under *Rhines*, "a district court must stay a mixed or wholly unexhausted petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the

1  unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner

2  intentionally engaged in dilatory litigation tactics." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir.

3  2016); *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

4      The Ninth Circuit Court of Appeals has acknowledged that the *Rhines* "good cause"

5  standard does not require "extraordinary circumstances." *Id*. at 1024 (citing *Jackson v. Roe*, 425

6  F.3d 654, 661–62 (9th Cir. 2005)).  Ineffective assistance of postconviction counsel or a lack of

7  postconviction counsel can constitute good cause under *Rhines*. *See Blake v. Baker*, 745 F.3d

8  977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017).  But courts

9  "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the

10  Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in

11  'limited circumstances.'" *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661).  Courts

12  must also be "mindful that AEDPA aims to encourage the finality of sentences and to encourage

13  petitioners to exhaust their claims in state court before filing in federal court." *Id*. (citing *Rhines*,

14  544 U.S. at 276–77).

15      Here, Burton never filed an opposition or responded to the respondents' motion to

16  dismiss in any way.  He filed a one-page purported motion to stay that says simply: "stay and

17  abeyance while I exhaust unexhausted claims to state court." ECF No. 21.  The respondents

18  oppose, stating that Burton made no attempt to argue that he has "good cause" for failure to

19  exhaust his claims or that they are potentially meritorious. ECF No. 22.  Burton did not file a

20  reply to the opposition or respond in any way.  Burton's motion for stay must be denied.  He

21  presents no argument, facts or evidence supporting his request for a stay.  He does not assert that

22  the claims are potentially meritorious.  No bases have been presented to demonstrate that a stay

23  is warranted, so I deny the motion.  I also, therefore, dismiss the petition without prejudice as

24  wholly unexhausted.

### III.    **Certificate of Appealability**

This is a final order adverse to Burton.  As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA).   I have sua sponte evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

None of my determinations in dismissing Burton's petition meets the *Slack* standard.  I therefore decline to issue a certificate of appealability for the dismissal of Burton's petition.

### IV.    **Conclusion**

I THEREFORE ORDER that the petitioner's motion for stay and abeyance **[ECF No. 21] is denied**.

I FURTHER ORDER that the **petition is DISMISSED** without prejudice.

I FURTHER ORDER that a certificate of appealability will not issue.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED this 31st day of October, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE